## BROWN *v.* THE STATE.

Though the only purpose of a passenger upon a railroad-train in entering a car which had been set a part for passengers of another race may have been to pass through the same in order to reach a car to which he had been assigned and in which he had been previously riding, yet if upon being requested by the conductor to leave the car so entered he refused to do so, declared he would ride where he pleased, and that the conductor had no right to put him out, and was thereupon ejected from that car, such passenger was guilty of the forbidden act of " remaining " in a car other than that to which he had been assigned, and therefore liable to prosecution under section 528 of the Penal Code.

Submitted April 23, — Decided May 12, 1900.

Certiorari.    Before Judge Evans.    Washington superior court.    March term, 1900.

*Evans & Evans* and *M. G. Bayne,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

LUMPKIN, P. J.    Section 526 of the Penal Code requires railroad companies doing business in this State to furnish equal

accommodations in separate cars or compartments of cars for white and colored passengers. Section 527 makes it the duty of conductors or other employees in charge of such cars to assign passengers to their respective cars or compartments, and confers upon the servants of railroad companies the necessary police powers to carry out the provisions of these two sections. Section 528 declares that "Any passenger remaining in any car or compartment or seat, other than that to which he may have been assigned, shall be guilty of a misdemeanor," and empowers conductors and other railroad employees to eject from a train or car any passenger who refuses to remain "in such car or compartment or seat as may be assigned to him." The plaintiff in error was convicted, in the county court of Washington county, of violating the provisions of the section last mentioned, and thereupon sued out a certiorari to the superior court, to the overruling of which he excepted. The only question presented for determination by this court is whether or not the evidence warranted the judgment of guilty rendered by the county judge, who tried the case without a jury. At the trial, it appeared that an excursion-train upon which both white and colored people were transported was run from Savannah to Macon. Before leaving Savannah, the colored passengers were assigned to two of the cars composing the train and the white passengers to another of them. The train was so arranged that the car for the white people was placed between the two cars provided for the colored people. At a point in Washington county, Brown left the rear car in which colored people were riding and entered the car in which the white passengers were seated. The conductor, with the aid of a passenger whom he called to his assistance, forcibly ejected Brown from the car thus entered by him, and the grand jury subsequently indicted him for "remaining" in that car after having been assigned to another. As to the facts above recited there was practically no controversy. It is inferable from the testimony of the conductor that Brown had been assigned in Savannah to the rear car set apart for colored people. According to his statement, however, he had been assigned to the front car provided for people of his race. His contention was, that having, at some point on the journey, left the front car and gone in-

to the rear car, he was proceeding to go from the latter to the former, and had for this purpose only entered the intermediate car occupied by white people, when he was accosted by the conductor and requested to leave the same. There was, however, evidence for the State to the effect that when this request was made, Brown, with an oath, refused to leave the car, declaring that he had paid his fare and had a right to ride where he pleased; and that he was thereupon ejected from the car.

It makes no difference whether, in point of fact, Brown's proper place was in the front or in the rear car set apart for colored people. In neither event was it lawful for him to "remain" in the car provided for white people after being requested by the conductor to leave the same. Giving the accused the full benefit of the theory that he entered the white people's car with no intention except to pass through the same, and would have done so if he had not been interrupted, the above-recited evidence as to what actually occurred when the conductor accosted him warranted the conclusion that he committed the misdemeanor forbidden by section 528 of the Penal Code. He, it is true, denied the correctness of that version of the matter, but we must deal with the case upon the assumption that the jury, as it was their right to do, believed the State's witnesses. If, when requested by the conductor to leave the white people's car, the accused had promptly proceeded to do so as required, we are not prepared to say he would have been a criminal merely because of the fact that he had unlawfully entered this car. The gist of the offense is "remaining" in a car other than the one to which a passenger may have been assigned, and the State's evidence warranted a finding that the plaintiff in error did remain in a car other than that to which he had been assigned. His refusal to leave the car, accompanied by the positive assertion of a right to ride therein and resistance to the conductor's effort to evict him, certainly was "remaining," and the length of time he remained was, of course, immaterial.

*Judgment affirmed. All concurring, except Fish, J., absent.*